DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (Motion) Plaintiff's appeal for the 2009-10 tax year because Plaintiff did not allege in its Complaint that it had first filed a petition with the county board of property tax appeals (BOPTA) before appealing to the Tax Court. Defendant further argues that the court lacks jurisdiction under the ORS 305.288(3) because "[t]he complaint does not allege facts showing good and sufficient cause for failure to pursue the statutory right of appeal." (Def's Motion at 1.)
The court scheduled an initial case management hearing with the parties for December 13, 2010, at 3:00 PM. Plaintiff's representative, Trisha Guido (Guido), failed to appear for that proceeding. She did phone the court later that day and the court mailed Plaintiff the standard failure to appear letter on December 14, 2010. Plaintiff responded to that letter and a second proceeding was scheduled and held by the court on March 2, 2011. Guido appeared for Plaintiff. Defendant was represented by Richard Sanderman (Sanderman). The court discussed Defendant's Motion during that proceeding. Plaintiff's representative Guido was given additional time after that proceeding to submit a written explanation regarding why Plaintiff did not file a timely petition with BOPTA. *Page 2 
 I. STATEMENT OF FACTS
The subject property, identified in the assessor's records as Account R140925, is zoned for retail/commercial use and is used by Plaintiff for retail purposes. Plaintiff occupies a portion of the subject property and leases a portion to one or more tenants.
During the March 2, 2011, proceeding, Guido explained that she did file a petition with BOPTA, but sent it to the wrong address. Guido further explained that she was not aware of the December 31, 2009, BOPTA deadline. Guido attached a copy of her BOPTA petition to her Complaint filed with the court. That petition is dated June 10, 2010. Guido explained that she talked with Richard Deich and his "assistant" in June or July 2010. After reviewing her notes, Guido stated that the assistant's name was Allison Boomer (Boomer). Boomer is an employee of the Oregon Tax Court.
Additionally, Guido explained that the months of October through December are a busy time of year for retail businesses, including hers, and that she then does her "taxes" in mid-January.
The court asked if there was anything else happening at that time. Guido stated that her mother was diagnosed with cancer in March 2009, that she put her life savings into the property and that a portion of the building is now vacant because the tenant "left." Guido concluded by stating that her business is struggling financially and she needs help.
Guido's written response, dated March 3, 2011, and filed with the court March 7, 2011, reiterates much of what she stated during the March 2, 2011, teleconference with the court. Her letter includes the following:
 "I absolutely did all I could most of 2009 to keep my business going in Portland, after the remodel of this property and moving my business during one of the biggest economic disasters. I spent most of 2009 trying to keep jobs in Portland while caring for my mother and her illness back east. That last 6 months of *Page 3 
2009 were some of the hardest in my lifetime. Without boring you with my personal life challenges in the past 2 years, I can honestly say that I did the best I could without understanding the Tax Appeal process and the deadline of appeal before 12/31/2009. * * *
 "Furthermore, to a layperson having never had to appeal much of anything, the process was a lot more cumbersome than I have ever expected, even with an advanced education degree. I was truly bounced around to several departments with (sometimes) conflicting advice and sent wrong appeal paperwork."
(Ptf's Ltr, Mar 3, 2011.) (Emphasis added.)
 II. ANALYSIS
Plaintiff's appeal seeks a reduction in the value of the property for the 2009-10 tax year. The first step in the appeal process is to file a petition with BOPTA before December 31 of the "assessment year." ORS 309.026(2)[1] (authorizing BOPTA to hear petitions for value reduction requests) and ORS 309.100(2) (providing for an appeal "following the date the tax statements are mailed for the current tax year and ending December 31.").
A taxpayer unhappy with the BOPTA decision can appeal to this court within 30 days of the date the BOPTA order is mailed. ORS 309.110(7) (providing for an appeal of the BOPTA order "to the magistrate division of the Oregon Tax Court"); ORS 305.280(4) (requiring that the appeal "be filed within 30 days after the * * * date of mailing of the order").
In this case, Plaintiff's BOPTA filing deadline was December 31, 2009. Plaintiff's representative acknowledges that she missed the deadline because she mailed the petition to the wrong address. It appears that Guido sent the BOPTA petition to the Tax Court. More importantly, the petition is dated June 10, 2010, which leads the court to believe that she did not begin the process until June 2010. That was well after the December 31, 2009, deadline for the 2009-10 tax year. *Page 4 
Because the property is used for retail purposes, the only option available to a property owner who misses the initial step in the appeal process (by failing to timely petition BOPTA), is to file an appeal of the Tax Court and establish "good and sufficient cause" for the failure to timely and properly petition BOPTA. ORS 305.288(3).
The statute defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer * * *." ORS 305.288(5)(b)(A). Additionally, the statute specifically excludes "lack of knowledge" from the definition of "good and sufficient cause." ORS 305.288(5)(b)(B).
Guido candidly acknowledged that she was unaware of the December 31, 2009, BOPTA appeal deadline and that she lacked an understanding of the appeal process. Those facts precludes the court from concluding that Plaintiff has "good and sufficient cause" for its failure to timely and properly petition BOPTA.
The court is aware that the months of October through December are a busy time of year for many retail businesses and does not doubt that, particularly in the last few years, the sagging economy has caused business owners like Guido to focus their efforts on keeping their businesses running, which left little time to consider matters like property taxes and figuring out whether the values appearing on the tax statement are correct and, if not, whether and how to seek a reduction in value. However, many businesses have been struggling financially the last few years, which makes Guido's situation more ordinary than "extraordinary," a requirement of the definition of good and sufficient cause.
The illness of Guido's mother understandably added to the stress she was experiencing in 2009. However, it is not clear to the court that her mother's illness was the cause of Guido's failure to properly petition BOPTA. Her mother was diagnosed with cancer in March 2009, *Page 5 
some nine months before the BOPTA appeal deadline. Even when coupled with the fact that Guido was busy with her business during the last three months of the 2009 calendar year, the court is not of the opinion that those factors prevented Guido from properly filing Plaintiff's BOPTA petition. Defendant stated that the envelope containing the tax statements includes a flyer that explains the value appeal process. If Guido had taken the time to review Plaintiff's tax statement and the flyer explaining the appeal process, she would have become aware of the appeal process and deadline. It was then a matter of deciding whether it was worth the time and effort for her to file the necessary paperwork before the deadline. Taxpayers have approximately two and one-half months from the time they receive the tax statements to petition BOPTA for a value reduction.
 III. CONCLUSION
On the facts before it, the court concludes that Plaintiff has not established good and sufficient cause for the failure to timely and properly file its property value petition with BOPTA before appealing to the Tax Court. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal must be, and is hereby, dismissed for the reasons set forth above.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged. *Page 6 
 This document was signed by Magistrate Dan Robinsonon April 22, 2011. The Court filed and entered this documenton April 22, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
 *Page 1